Caeuthbks, J.,
delivered the opinion of the court.
This is an action upon a breach of warranty of soundness in a slave, made in writing by the agent of defendant.
The agency is created in these words: “I, Benj. Eranklin, of the county of Giles, Tennessee, do hereby authorize and empower ¥m, IT. Kirkpatrick to sell and dispose of my negro woman, Harriet. This the 21st April, 1851. BeNjamiN FbanKlin.”
The bill of sale was made in Mississippi, and is as follows:
“Received, May 6th, 1851, of G. W. Ezell, $700 in fall, for a negro woman, named Harriet, which girl I warrant sound and healthy, a slave for life, and title good, and not over 21 or 22 years old.
Benjamin Ebanklin.
By William H. Kiekpateiok.”
Mueh proof was introduced on the question of soundness, and the case went to the jury, under a *242 of the court, to which two exceptions are taken.
1. His Honor stated the law to be, that under the agency, there was no power to make a warranty that the slave was sound, so as to bind the principal.
2. That this contract was void under the Constitution and laws of Mississippi, and could not, for that reason, be the foundation of a suit.
Both positions are manifestly erroneous. If an agent be empowered to sell personal property, the law implies a power to bind his principal in a warranty of soundness. A general authority to sell personal property, or even one particular article, carnes with it the power to warrant, both the title and quality of the thing sold, so as to bind the owner, for whom the sale is thus made.
This is an incident to the power conferred, if unrestricted.
Even private instructions in . conflict with this general authority, if unknown to the purchaser, would not protect the principal, because, as the agent acted within the general scope of the authority to sell, the public cannot be supposed, or perhaps required, to be acquainted with secret limitations of his power, and private instructions. 2 Kent, 621, and note A, citing 3 Term R., 757. 15 East, 45. 3 Ired’l, 349.
' Verbal statements and representations of an agent, amounting to a warranty of soundness, or any other quality, made in connection with, and at the time of the transactions of the agency, will bind the principal. But not so, if it be made at another time, for it would not then be a part of the res gestee, and as such constitute an incident in, or inducement to the sale. Story on Agency, 137-9.
*243 These positions are sustained by an unbroken current of authorities, which need not here be accumulated.
The case of Lipscomb vs. Kitrell, 11 Humph. R., 260, cited and relied upon by the counsel for Eranklin, does not conflict with this doctrine, but rather confirms, by an express acknowledgment of it.
The court there, in effect, admit the general princi-pie, “that an agency to sell confers on the agent the incidental power to warrant the thing sold” — but say, that it had no application to the case then under consideration, as it surely had not.
It is certainly true, that under a special or limited agency, the principal cannot be bound by an act not embraced by the authority given, or by the exercise of a power beyond such authority, or of á different character, If the agency be to sell one article, or one species of property, it will not extend to any other.
2. The second error assigned upon the charge in relation to the invalidity of the contract by the laws of Mississippi, was' doubtless committed by his Honor, because, of the absence of the authority showing that the Constitution of that State, on that subject, was changed, and the act made in pursuance thereof, repealed, previous to the date of the contract upon which this suit was brought.
■ Eor these errors in the charge, without any reference to the merits upon the facts, the judgment will be reversed, and a new trial granted.
Judgment reversed and cause remanded.